**IN THE COURT OF APPEALS OF IOWA**

No. 16-0477
Filed June 15, 2016

**IN THE INTEREST OF I.P.,**
**Minor child,**

**A.P., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Judy D. Johnson of Borseth Law Office, Altoona, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Paul L. White of the Juvenile Public Defender's Office, Des Moines, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2015. She contends (1) the State failed to prove the grounds for termination cited by the district court, (2) termination was not in the child's best interest, (3) the district court should not have terminated her parental rights given the closeness of her relationship with the child, and (4) she should have been afforded a "six month extension" to work towards reunification.

*I.* The district court cited several grounds for termination of the mother's parental rights. We may affirm if we find clear and convincing evidence to support any of the grounds. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). On our de novo review, we conclude the State proved grounds for termination under Iowa Code section 232.116(1)(h) (2015), which requires proof the child cannot be returned to the parent's custody.

The mother has a history of substance abuse. She admitted her child tested positive for marijuana at birth. She also admitted relapsing on methamphetamine several months after the birth, resulting in the child's removal from her custody.

In the nine months following the child's birth, the mother completed no form of substance abuse treatment. She missed multiple appointments for intensive outpatient treatment and was discharged from the program with a "poor" prognosis. She began a less rigorous extended outpatient program but was also discharged from that program for failing to undergo drug testing. Just ten days before the termination hearing, the department of human services told

the mother to provide a urine sample. She did not. She also refused to wear a patch or provide a hair sample before the termination hearing.

At the termination hearing, the mother acknowledged she was not in a position to have the child immediately returned to her custody. This admission alone supports termination under Iowa Code section 232.116(1)(h). *See In re E.H.*, No. 16-0072, 2016 WL 2744765, at *2 (Iowa Ct. App. May 11, 2016) ("The mother conceded she was not in a position to care for the children.").

***II., III., IV.*** Termination must also be in the child's best interest. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). But termination need not be ordered if the bond between parent and child is close. *See id.* at 41. Alternatively, the court may grant a parent additional time to reunify. *See* Iowa Code § 232.104(2)(b) .

The mother contends termination was not in the child's best interest because she "was prepared to meet all of her daughter's needs." However, she took limited steps to address her substance abuse. Although the department acknowledged she loved the child and was "attentive during supervised visits," her attendance was "inconsistent" and her interactions "remained stagnant." Finally, her refusal to commit to substance abuse treatment for close to a year did not bode well for future success. We conclude termination was in the child's best interest, the district court appropriately declined to invoke an exception to termination, and additional time for reunification was not warranted.

We affirm the termination of the mother's parental rights to her child.

**AFFIRMED.**